## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ORLANDO RODRIGUEZ-FLORES and | * | CIVIL NO. 19-1642 |
| ALICIA AYBAR-ROSADO | * | |
| Plaintiffs | * | |
| | * | ABOUT: |
| v. | * | 28 U.S.C. § 1331 and 1367 |
| | * | Title VII and 42 USC § 1983, 1985 |
| BUREAU OF PRISONS, | * | Civil Rights Act 1964, |
| U.S. DEPARTMENT OF JUSTICE, | * | ADA and ADEA Discrimination |
| U.S. GOVERNMENT, the Attorney General | * | 1802 and 1803 of PR Civil Code |
| HON. WILLIAM P. BARR, | * | TORTS |
| USA ROSA EMILIA RODRIGUEZ-VELEZ | * | |
| DR. ABIGAIL LOPEZ-DE-LASALLE, | * | |
| JOHN DOE, RICHARD ROE and their | * | |
| respective insurance companies | * | JURY TRIAL |
| Defendants | * | |

************************************

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes plaintiffs, through the undersigned attorney, and very respectfully state, allege and pray:

## I.    JURISDICTION:

1.    This Honorable Court has jurisdiction pursuant to 28 United States Code §§ 1331 and under Title VII and 42 of the U. S. C., Section 1983, Civil Rights Act 1964, Age Discrimination (ADEA), Discrimination and Retaliation under the American with Disability Act (ADA) and Whistler Blower Act.

2.    Plaintiff also invoke the article 1802 and 1803 of Puerto Rico Civil Code and the Puerto Rico Law against discrimination and retaliation under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367.

c:\claims\orodriguez.002

**COMPLAINT**
**CIVIL NO.  19-1642**
**Page 2**

3.       Plaintiffs invoke violation to Commonwealth of Puerto Rico Labor Laws including

Public Law No. 80 of May 30, 1976 as amended, whistler blower act, state law against retaliation,

and equivalent Federal Labor Laws (United States Code).

4.       This Honorable Court also has venue pursuant to 28 United States Code § 1391 since

the claims asserted in this action arose in this judicial district.

5.       Plaintiff's civil rights (under 42nd of the United States Code, Section 1983, Civil

Rights Act 1964), and other rights under other state and federal labor laws were and continue to be

violated by co-defendants, whose actions or acts were under color of law.

6.       Trial by jury is hereby requested.

## II.       PARTIES:

7.       Plaintiffs Orlando Rodríguez-Flores and Alicia Aybar-Rosado, legal age, married and

has been citizen of Hatillo, Puerto Rico.

8.       Plaintiffs physical address is Carr. 493, Sector Interior, Calle Alejandro Noboa,

Carrizales, Hatillo, Puerto Rico 00659 and postal address is PO Box 141137, Arecibo, Puerto Rico

00614-1137.

9.       The legal society of earnings (conjugal partnership) of co-plaintiffs Orlando

Rodríguez-Flores and Alicia Aybar-Rosado is included.

10.       Defendant Bureau of Prisons (BoP) is an agency under the US Department of

Justice (DoJ).

11.       Co-defendant US Department of Justice is a Department of the United States

Government. It's senior officer is the Attorney General William P. Barr.

c:\claims\orodriguez.002

COMPLAINT
CIVIL NO.  19-1642
Page 3

12.     Co-defendant United States Government has jurisdiction in the Commonwealth of

Puerto Rico and over the co-defendant Federal Bureau of Prisons, it is represented by the Attorney

General William P. Barr.  Co-defendant Rosa E. Rodriguez-Velez is the US Attorney for Puerto

Rico.

13a.     Co-defendant Dr. Abigail López-de-Lasalle is a physician an former Clinical Director

of Metropolitan Detention Center, Guaynabo, PR, currently working as Medical Officer at BoP, FCI

Fairton, N. J.

13b.     Co-defendant Dr. Abigail López-de-Lasalle was a full-time U.S Goverment employee

who also worked as a physician in her medical office located in Isabela, PR at the time of the facts

alleged in the complaint.

14.     John Doe and Richard Roe are those persons who are in any way responsible for the

facts and the damages alleged in this complaint. Included are the insurance companies of all the

defendants.

III.    **FACTS**:

        **Related to all claims against defendants.**

15.     Plaintiff Orlando Rodríguez-Flores is a licensed Register Nurse. Since November

2007, he worked as a Clinical Nurse for the Bureau of Prisons (BoP) - U. S. Department of Justice

(DoJ) at the Metropolitan Detention Center (MDC) located in Guaynabo, Puerto Rico.

16.     Plaintiff Orlando Rodríguez-Flores  worked as a registered nurse (RN) and was also

a member of the US Army, a Commission Officer in the US Army Reserve with the rank of Major

(MAJ, O-4) in the Military Police Corps.

c:\claims\orodriguez.002

COMPLAINT
CIVIL NO.  19-1642
Page 4

17.     He was offered by the BoP Administration to transfer from the US Army to the US

Public Health Services (USPHS) in order to be hired in the same position that he occupied as a

federal employee of the BoP.

18.     Plaintiff Orlando Rodríguez-Flores requested transfer from the US Army to the

USPHS.

19.     Once the transfer was completed, Rodriguez occupied his former RN position in the

MDC Guaynabo but as a member of the uniformed service, USPHS.  Plaintiff Orlando Rodríguez-

Flores' rank changed from Major (US Army) to Lieutenant Commander (LCDR) when he tranfered

to the US Public Health Services.

20.     As a member of a uniformed service Plaintiff Orlando Rodríguez-Flores is covered

by *Uniformed Services Employment and Re-employment Rights Act of October 1994*, *38 U.S.C. §*

*4301 et. seq.*, (*USERRA Pub. Law 103-353*, October 13, 1994).

21.     Plaintiff Orlando Rodríguez-Flores performance while working was excellent and

was always reflected in his evaluations. His dedication and duty performance was praised by his

supervisors and his chain of command.

22.     On or around 2013 co-defendant Dr. Abigail López-de-Lasalle arrived and started to

work as Clinical Director of Metropolitan Detention Center (MDC), Guaynabo, PR. Immediate after

her arrival plaintiff Orlando Rodríguez-Flores was discriminated by her.  Co-defendant Dr. Abigail

López-de-Lasalle discriminated against plaintiff Orlando Rodríguez-Flores due to his *national origin*

and *race.*

23.     Plaintiff Orlando Rodríguez-Flores' skin color is dark (black) and he was born and

c:\claims\orodriguez.002

**COMPLAINT**
**CIVIL NO.  19-1642**
**Page 5**

rise in the Island of Puerto Rico, Commonwealth of Puerto Rico.

24.     Co-defendant Dr. Abigail López-de-Lasalle first came to the facility in August 2013

and disrespectfully referred in a conversation with plaintiff Orlando Rodríguez-Flores as a "*monkey*

*in a jumper*".  She called him a "*monkey in a jumper*" a statement was derogatory towards his skin

color (black) and his USPHS military uniform (military blue jumper).  USPHS Officers wear a blue

jumper as part of their uniform; however, the civilian nurses wears scrubs.

25.     Plaintiff Orlando Rodríguez-Flores told co-defendant Dr. Abigail López-de-Lasalle

that he would not tolerate that behavior and she apologized and asked to give him a hug.

26.     After the first incident Plaintiff Orlando Rodríguez-Flores suffered a series of

discriminating acts, adverse personnel actions, reprisals/retaliation, and other acts against him

initiated by co-defendant Dr. Abigail López-de-Lasalle.

27.      Co-defendant Dr. Abigail López-de-Lasalle discriminated against Plaintiff Orlando

Rodríguez-Flores and her chain of command or supervisors, members and/or senior employees of

the Bureau of Prisons (BoP) - U. S. Department of Justice (DoJ) support her illegal actions and/or

failed to correct the illegal actions/wrongdoing harming and causing damages to Plaintiff Orlando

Rodríguez-Flores and his rights.

28.     Co-defendants discriminated against Plaintiff Orlando Rodríguez-Flores due to his

*national origin* and *race* when he requested the benefits and entitlements of minor dependents

schools at Ft. Buchanan, PR. Other employees and officers working at MDC-Guaynabo had the

benefits and entitlements of minor dependents schools at Ft. Buchanan, PR but his request was

denied several times alleging that it was only for people living in the United States of America

c:\claims\orodriguez.002

**COMPLAINT**
**CIVIL NO. 19-1642**
**Page 6**

(USA) or living in a foreign country, stating that Puerto Rico was not USA neither a foreign country.

29.    One of his supervisors (Captain Miguel Medina) even send him an official communication explaining that he (Medina) received the benefits and entitlements of minor dependents schools at Ft. Buchanan, PR as a "gift" from the U.S. Government.  Medina explained about his dependents' school benefits at Ft. Buchanan, he categorized it as a gift "regalo". Captain Durgin from the USPHS HQ explained that things are done different in Puerto Rico (dependents' school benefits at Ft. Buchanan). The cost was estimated in over $600,000.00 for the three (3) minor children of the plaintiffs.  Plaintiffs Orlando Rodríguez-Flores and Alicia Aybar-Rosado had to enroll their three (3) minor children in a private school system which cost them over $150,000.00 including enrollment, tuition, special fees, books, uniforms, snacks, construction/maintenance fees, activities, sports, transportation, etc.

30.    Co-defendants discriminated against Plaintiff Orlando Rodríguez-Flores due to his *medical condition* in violation of ADA.  As a member of USPHS, plaintiff Orlando Rodríguez was entitled to medical treatment at any military or uniformed service medical facility.  He received medical treatment at Rodriguez Army Health Clinic on several occasions and it was questioned by the defendants, who even visited the medical facility and illegally interfered with the medical treatment.  He requested a reasonable accommodation due to medical condition was illegally nedied, it was change after the intervention of the US Labor Department.

31.    Illegally USPHS Officer were given the worse working shift, holidays work, seniority was not enforce, working and duty roster were prepared always in violation of the working policies because the BoP's employees draw overtime pay but not the USPHS officers. USPHS

COMPLAINT
CIVIL NO. 19-1642
Page 7

Officers were put to work over 8 hour shifts, double shifts, etc. arbitrarily because they were not

entitle to overtime pay. Compensatory and resting time was never enforced for USPHS's officers.

32.     Co-defendants discriminated against Plaintiff Orlando Rodríguez-Flores due to his

age in violation of ADEA. Plaintiff Orlando Rodríguez-Flores is 55 years old, he was 49 years old

on 2013. He was the oldest nurse at MDC-Guaynabo but put to work over 8 hour shifts, double

shifts, holidays, weekends, etc. arbitrarily but not the other nurses who were younger. Compensatory

and resting time was never enforced neither granted/authorized.

33.     Co-defendants discriminated against Plaintiff Orlando Rodríguez-Flores due to his

sex (gender). Tania Macias (female) put on duty Keila Rivera (female) on the best or preferred shift

Monday to Friday, day shift. On the contrary those shift were never offered nor authorized to plaintiff

Plaintiff Orlando Rodríguez-Flores (male). It occurred from December 2016 to August 2017, and

Macias even admitted the fact, an EEOC complaint under gender discrimination was filed.

34.     Co-defendants discriminated against Plaintiff Orlando Rodríguez-Flores (in reprisal)

due to his complaints before th Inspector General Office and other agencies in violation of the

*Whistleblower Protection Enhancement Act of 2012*.

35.      Plaintiff Orlando Rodríguez-Flores took an extended sick leave beginning on

February 25, 2015. He initially returned to a light duty assignment at MDC Guaynabo in December

2016, however, effective December 1, 2017, the plaintiff retired from the USPHS on medical

disability.

36.     Plaintiff Orlando Rodríguez-Flores was on extended sick leave beginning on

February 25, 2015. While on medical leave, plaintiffs filed complaint before the U. S. Merit

**COMPLAINT**
**CIVIL NO.  19-1642**
**Page 8**

Systems Protection Board, New York Field Office on July 17, 2015. Initial Decision was issued on

May 1, 2019 in *Orlando Rodríguez Vs. Department of Justice, et. al., Docket Number NY-4324-15-*

*0272-I-4*.  The *Initial Decision* was issued on May 1, 2019 specifying that the decision will become

final on **June 5, 2019 (*Initial Decision* page 16)**.

37.      Claims under unlawful discrimination can be filed by filling a civil action before an

appropriate U.S. District Court (not the U.S. Court of Appeals for the Federal Circuit), within 30

calendar days after this decision becomes final under the rules set out in the Notice to Appellant

section, above.  5 U.S.C. § 7703(b)(2); see *Perry v. Merit Systems Protection Board*, 582 U.S. ___,

137 S. Ct. 1975 (2017).

38.      **(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This

option applies to you only if you have claimed that you were affected by an action that is appealable

to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so,

you may obtain judicial review of this decision - including a disposition of your discrimination

claims - by filing a civil action with an appropriate U.S. District Court (not the U.S. Court of

Appeals for the Federal Circuit), **within 30 calendar days** after this decision becomes final under

the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit*

*Systems Protection Board,* 582 U.S. ___, 137 S. Ct. 1975 (2017).  If the action involves a claim of

discrimination base on race, color, sex, national origin, or a disabling condition, you may be entitled

to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of

fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a. (***Initial Decision***

**page 21**).

c:\claims\orodriguez.002

COMPLAINT
CIVIL NO.  19-1642
Page 9

39.	**(3) Judicial review pursuant to the *Whistleblower Protection Enhancement Act***

***of 2012.***  This option applies to you only if you have raised claims of reprisal for whistleblowing

disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. §

2302(b)(9)(A)(i), (B), (C), or (D).  If so, and you wish to challenge the Board's rulings on your

whistleblower claims only, excluding all other issues, then you may file a petition for judicial review

with in the u. S. Court of Appeals for the Federal circuit or nay court of appeals of competent

jurisdiction. (***Initial Decision* page 22**).

40.	The wrongful and negligent acts of all co-defendants, their managers, officials,

employees, and representatives, were the direct cause or contributed to the facts alleged in the

complaint and all the damages suffers by the plaintiffs.

## IV.	DAMAGES:

All the paragraphs stated herein in the Jurisdiction, Facts and Causes of Action are literary

incorporated herein and are made part of the following paragraphs and causes of action. All

defendants are jointly responsible for all damages caused and suffered by all plaintiffs.

41.	Plaintiff Orlando Rodríguez-Flores civil  rights were violated; he was discriminated

due to his race, color and national origin; his rights under ADA & ADEA were violated; his

constitutional right to due process was violated; he suffered moral damages and mental anguish;

monetary loss; lost of income; he was not given the benefits of his children studying at the Ft.

Buchanan School System; he suffered retaliation/reprisal after filing complaints (whistleblower);

damages estimated on $2,000,000.00.

42.	Co-plaintiffs Alicia Aybar-Rosado had suffered and continue to suffer, severe

c:\claims\orodriguez.002

**COMPLAINT**
**CIVIL NO.  19-1642**
**Page 10**

emotional distress, affliction, anguish, economical damages, deprivation because of her husband

damages and suffering due to violation of the American of Disability Act (ADA), violation of

ADEA, constitutional right do to due process, violations and the discrimination, retaliation/reprisal

after filing complaints (whistleblower) and the economical lost of the benefits of her children

studying at the Ft. Buchanan School System; damages estimated on $1,000,000.00.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement

in favor of plaintiffs and to award them a sum no less than three million dollars ($3,000,000.00)

suffered by plaintiffs because of defendants wrongful acts and combined negligence, plus an

additional amount for  attorney fees and court costs, all to be paid severally by defendants.

**JURY TRIAL DEMANDED.**

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico, this July 3, 2019.

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel. (787) 843-2828 \ 843-2900 Fax (787)284-1267
Email: **juan_r_rodriguez00732@hotmail.com**
        **juan.r.rodriguez00732@gmail.com**

By:___ *S\Juan R. Rodriguez*_____
        **JUAN R. RODRIGUEZ**
        **USDC 214410**

c:\claims\orodriguez.002