IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORLANDO RODRÍGUEZ-FLORES, ALICIA AYBAR-ROSADO, | |
| Plaintiffs, | CIV. NO. 19-1642 (SCC) |
| v. | |
| UNITED STATES GOVERNMENT, ET AL., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiffs Orlando Rodríguez-Flores, Alicia Aybar-Rosado, and the conjugal partnership between them bring this lawsuit against the United States and several of its agencies and officers, claiming that they discriminated against Rodríguez-Flores based on his race, national origin, sex, age, medical condition, and status as a member of the military. The United States, on behalf of all defendants, has moved the Court to dismiss the plaintiffs' third-amended complaint. We grant its motion in part and deny it in part.

## I.        MOTION TO DISMISS

The plaintiffs allege in their third-amended complaint that the United States has violated Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Whistleblower Protection Act, the Uniformed Services Employment and Reemployment Rights Act, 42 U.S.C. § 1983, Puerto Rico Civil Code Articles 1802 and 1803, and Law No. 80 of May 30, 1976, by discriminating against Rodríguez-Flores based on his race, national origin, sex, age, medical condition, and status as a member of the military. Docket No. 9, pgs. 1–2. The United States has moved the Court under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss their complaint. Docket No. 30.

We evaluate a Rule 12(b)(1) and a Rule 12(b)(6) motion under the same framework: We "accept the well-pleaded facts alleged in the complaint as true," drawing "all inferences in the pleader's favor," and ask whether the pleader has shown that we have subject-matter jurisdiction (Rule 12(b)(1)) and stated a plausible claim for relief (Rule 12(b)(6)). *Cebollero-*

*Bertrán v. P.R. Aqueduct & Sewer Auth.*, 4 F.4th 63, 69 (1st Cir. 2021). And we "disregard all conclusory allegations that merely parrot the relevant legal standard." *O'Brien v. Deutsche Bank Nat'l Tr. Co.*, 948 F.3d 31, 35 (1st Cir. 2020).

We note at the outset that most of the plaintiffs' allegations are bare conclusions, unsupported by any surrounding facts. Employment discrimination and retaliation claims require a causal nexus between the employee's protected trait or activity and the employer's misconduct. *See, e.g., Hernández v. Wilkinson*, 986 F.3d 98, 102–03 (1st Cir. 2021). The plaintiffs, however, fail to allege any facts giving rise to a plausible inference that this nexus exists in nearly all their claims. *See Carrero-Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 719–20 (1st Cir. 2014) (affirming dismissal of plaintiff's claims because she failed to "put forth sufficient facts to demonstrate a causal connection" between defendants' acts of retaliation and her protected activity). Before we turn to our analysis, we remind litigants what they must do to survive a Rule 12(b)(6) motion: They must show in their complaint that they are

"entitled to relief." FED. R. CIV. P. 8(a)(2). That means they must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"—the "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Title VII of the Civil Rights Act of 1964

Title VII of the Civil Rights Act of 1964 prohibits the federal government from discriminating against its employees "based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Rodríguez-Flores, during the relevant time, worked as a nurse for the Bureau of Prisons ("BOP"). Docket No. 9, pg. 4. The plaintiffs allege that the United States violated Title VII by discriminating against him based on his race, national origin, and sex. Docket No. 9, pgs. 6–7. To establish an employment-discrimination claim,[1] they must allege facts showing that Rodríguez-Flores suffered an "'adverse employment action' on account of a protected

---

1. The plaintiffs are not required to plead a prima-facie case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002).

ground." *Morales-Vallellanes v. Potter*, 605 F.3d 27, 35 (1st Cir. 2010) (quoting *García v. Bristol-Myers Squibb Co.*, 535 F.3d 23, 31 (1st Cir. 2008)). An adverse employment action is one that "materially change[s] the conditions of the plaintiff's employ," such as a demotion, undeserved negative evaluation, undesirable assignment, and "toleration of harassment by other employees." *Gu v. Bos. Police Dep't*, 312 F.3d 6, 14 (1st Cir. 2002).

The plaintiffs claim that the United States discriminated against Rodríguez-Flores based on his race and national origin when it refused to pay for his children to attend school at Fort Buchanan because, it said, that benefit is only given to people who live in the mainland United States or a foreign country—and Puerto Rico is neither. Docket No. 9, pg. 6. But the plaintiffs' claim fails because they have not plausibly alleged that he was denied this benefit on account of a protected ground.[2] National origin "refers to the country

---

2. We note that, under the Equal Protection Clause, the United States may not discriminate based on Puerto Rico residency without a rational basis

where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973). Living in Puerto Rico and having Puerto Rican ancestry are different: Only the latter might be a protected status under Title VII. Without further allegations, any claim of Title VII misconduct is only possible as opposed to plausible. We cannot plausibly infer that Rodríguez-Flores was discriminated against based on his Puerto Rican ancestry or race as opposed to his status as someone living in Puerto Rico without more information. For there are many people who live in Puerto Rico who are neither Black nor of Puerto Rican ancestry. *Cf. Doe v. Univ. of Denver*, 952 F.3d 1182, 1196–97 (10th Cir. 2020) (stating that "evidence of a school's anti-respondent bias does not permit a reasonable inference of discrimination based on gender" because "both men and women can be respondents"). He, thus, has not sufficiently

---

for doing so. *See United States v. Vaello-Madero*, 956 F.3d 12, 18 (1st Cir. 2020), *cert. granted*, 141 S. Ct. 1462. But Title VII's protections do not extend to discrimination based on Puerto Rico residency. 42 U.S.C. § 2000e-16(a).

pleaded this claim.

The plaintiffs argue next that the United States
discriminated against Rodríguez-Flores based on his race and
national origin because one of the BOP's physicians called
him a "monkey in a jumper." Docket No. 9, pg. 5. As
reprehensible as this would be if true, the plaintiffs do not
allege any facts showing a related change in his employment
conditions. *See Lima v. City of E. Providence*, No. 20-1688, 2021
WL 5104645, at *3 (1st Cir. Nov. 3, 2021) ("To establish a claim
of 'hostile work environment' a plaintiff must demonstrate
'that the harassment was sufficiently severe or pervasive so as
to alter the conditions of the plaintiff's employment and
create an abusive work environment.'" (quoting *Lockridge v.
Univ. of Me. Sys.*, 597 F.3d 464, 473 (1st Cir. 2010))); *Rivera-
Rivera v. Medina & Medina, Inc.*, 898 F.3d 77, 93 (1st Cir. 2018)
("Simple teasing, offhand comments, and isolated incidents
(unless extremely serious) will not amount to discriminatory
changes in the 'terms and conditions of employment' to
establish an objectively hostile or abusive work

environment." (quoting *Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 44 (1st Cir. 2011))). They merely allege in conclusory fashion that he later "suffered a series of discriminating acts, adverse personnel actions, reprisals/retaliation, and other acts" and that the BOP and Department of Justice "support[ed]" and "failed to correct" these "illegal actions." Docket No. 9, pgs. 5–6. While the plaintiffs need not "provide the exact details of each incident," these allegations are too "threadbare" to make their claim plausible. *See Rodríguez-Vives v. P.R. Firefighters Corps of P.R.*, 743 F.3d 278, 286 (1st Cir. 2014); *see also Keach v. Wheeling & Lake Erie Ry.*, 888 F.3d 1, 6 (1st Cir. 2018) ("Dismissal is warranted when a complaint's factual averments are 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture.'" (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010))).

We turn now to the plaintiffs' claim that the United States violated Title VII by discriminating against Rodríguez-Flores based on his sex. Docket No. 9, pg. 7. The plaintiffs allege only

that a female nurse was given the preferred Monday to Friday shift and he was "never offered [that shift] nor authorized" to work it. *Id.* These allegations, again, are too threadbare for us to plausibly infer that the United States discriminated against him based on his sex because we have been provided no surrounding circumstances that raise a reasonable inference of sex-based discrimination. *See Alvarado-Santos v. Dep't of Health*, 619 F.3d 126, 134 (1st Cir. 2010) (stating that more than the "mere fact" that the plaintiff is a woman and another employee is a man is needed to show differential treatment based on gender); *Shepard v. Visitors of Va. State Univ.*, 993 F.3d 230, 237–28 (4th Cir. 2021) (determining that the plaintiff "failed to plead facts sufficient to give rise to a plausible inference of gender discrimination" because he "alleged no facts that plausibly show or infer that [his] sex had anything to do" with what happened to him).

The plaintiffs also claim that the United States retaliated against Rodríguez-Flores because of complaints he filed with

the Equal Employment Opportunity Commission ("EEOC").[3]
Docket No. 9, pg. 11. To establish a Title VII retaliation claim,
the plaintiffs must allege facts showing that "(1) [he] engaged
in protected conduct; (2) [he] experienced an adverse
employment action; and (3) there was a causal connection
between the protected conduct and the adverse employment
action." *Calero-Cerezo v. United States*, 355 F.3d 6, 25 (1st Cir.
2004). But here, again, the plaintiffs have merely parroted the
relevant legal standard: They allege only that Rodríguez-
Flores filed complaints with the EEOC, that he was
"terminated from the service," and that he was terminated
because he filed the complaints. Docket No. 9, pg. 11. They
provide no other facts to lift this claim from possible to
plausible. *Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir.
2019) ("'While we do not mandate the pleading of any specific
facts in particular,' a plaintiff must include enough context

_____

3. We struggle to discern which statutory vehicle the plaintiffs are using
to bring this claim. So, favorably to them, we will evaluate their retaliation
claim under Title VII, the WPA, the ADA, and the ADEA.

and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides 'sheer speculation.'" (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1195 (10th Cir. 2012))).

### B.  Whistleblower Protection Act ("WPA")

The plaintiffs claim that the United States violated the WPA by retaliating against Rodríguez-Flores for complaints he filed. Docket No. 9, pgs. 7–8. The United States asks us to dismiss this claim because the plaintiffs have not exhausted their administrative remedies by raising it first with the Office of Special Counsel ("OSC") and the Merit Systems Protection Board ("MSPB"). Docket No. 30, pgs. 18–19. But the plaintiffs have alleged that they "filed a complaint before the [MSPB]" and received a final decision. Docket No. 9, pg. 10. Because the statutory scheme generally requires claims to be raised with the OSC before the MSPB, 5 U.S.C. § 1214(a)(3), their final decision from the MSPB may show that they exhausted their administrative remedies before both the OSC and the

MSPB.[4] So because it is not clear from their complaint that they failed to exhaust their administrative remedies, we decline to dismiss this claim on that ground. *See Alvarez-Mauras v. Banco Popular of P.R.*, 919 F.3d 617, 628 (1st Cir. 2019) ("[A] motion to dismiss may be granted on the basis of an affirmative defense . . . as long as 'the facts establishing the defense [are] clear "on the face of the plaintiff's pleadings."'" (quoting *Blackstone Realty LLC v. FDIC*, 244 F.3d 193, 197 (1st Cir. 2001))); s*ee also Jones v. Bock*, 549 U.S. 199, 216 (2007).

The United States also asks us to dismiss this claim because it is "unfounded" and mentioned only in passing. Docket No. 30, pg. 18. The WPA prohibits adverse employment action based on "any disclosure of information by an employee or applicant which [he] reasonably believes evidences . . . any violation of any law, rule, or regulation, or . . . gross

---

4. Judicial review may occur in district court because this is a so-called "mixed" case. *See* 5 U.S.C. §§ 7702, 7703(b)(2) (providing that judicial review may occur in district court where the case involves discrimination prohibited by certain statutes, including Title VII and the ADEA); *see also Kerr v. Jewell*, 836 F.3d 1048, 1053 n.4 (9th Cir. 2016).

mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8). But the plaintiffs allege only that the United States retaliated against Rodríguez-Flores because of his complaints. Docket No. 9, pg. 7. They do not tell us what these complaints are about, how he was retaliated against, or why they believe that these events were connected. We, thus, dismiss this claim. *See Carrero-Ojeda*, 755 F.3d at 719–20 (affirming dismissal of plaintiff's complaint because she failed to "put forth sufficient facts to demonstrate a causal connection" between retaliation and her protected conduct).

### C.  Americans With Disabilities Act ("ADA")

The plaintiffs allege that the United States violated the ADA by discriminating against Rodríguez-Flores based on his "medical condition" and by retaliating against him for asking for an accommodation. Docket No. 9, pgs. 6, 11. But the ADA excludes the United States from its definition of an employer. 42 U.S.C. § 12111(5)(B)(i); *Field v. Napolitano*, 663 F.3d 505, 510 n.6 (1st Cir. 2011). So, it provides no remedy to

the plaintiffs. *Field*, 663 F.3d at 510 n.6.

Favorably to the plaintiffs, we will evaluate this claim under the Rehabilitation Act instead, which provides relief to federal employees who are discriminated against based on their medical conditions or retaliated against for engaging in protected conduct. *Enica v. Principi*, 544 F.3d 328, 338 n.11 (1st Cir. 2008). To establish a discrimination claim under the Rehabilitation Act, the plaintiffs must allege facts showing that Rodríguez-Flores "(1) suffers from a 'disability' within the meaning of the statute, (2) is a qualified individual inasmuch as [he] is able to perform the essential functions of [his] job, with or without reasonable accommodation, and (3) that, despite its knowledge of [his] disability, the [United States] did not offer a reasonable accommodation." *Id.* at 338. And a disability is "a physical or mental impairment that constitutes or results in a substantial impediment to employment," 29 U.S.C. § 705(9)(A), or a "physical or mental impairment that substantially limits one or more major life activities of such individual . . . a record of such an

impairment . . . or being regarded as having such an impairment," 42 U.S.C. § 12102(a).

The plaintiffs' claim fails because they have not alleged facts showing that Rodríguez-Flores suffers from a disability or that the United States discriminated against him because of it. They do not tell us what his "medical condition" is—they tell us only that he has one and that the United States "illegally interfered with [his] medical treatment" and "illegally" denied his request for an accommodation. Docket No. 9, pgs. 6–7. Without more information, we cannot conclude that he has plausibly pleaded a discrimination claim. *See Lebrón v. Puerto Rico*, 770 F.3d 25, 31 (1st Cir. 2014) (alleging only discrimination because of a disability does not give rise to a reasonable inference of discrimination).

We turn to the plaintiffs' retaliation claim. To establish a retaliation claim under the Rehabilitation Act, the plaintiffs must allege facts showing Rodríguez-Flores "engaged in protected conduct," was "subjected to an adverse action by the [United States]," and "there was a causal connection

between the protected conduct and the adverse action." *Id.*
But here, again, they have not plausibly pleaded a retaliation
claim because they provide us with no facts that give rise to a
reasonable inference that the United States retaliated against
Rodríguez-Flores because he requested an accommodation.
*See id.* (affirming the district court's dismissal of the plaintiffs'
claim because they "provide[d] no facts that would allow [the
court] to plausibly infer" that the adverse action was causally
related to engaging in protected behavior); *cf. Guilfoile v.
Shields*, 913 F.3d 178, 194 (1st Cir. 2019) (finding that the
plaintiff "plausibly pleaded that he was retaliated against
because of his protected conduct, given the close temporal
proximity—about a week—of [the retaliatory act] to his
[protected conduct]"). Therefore, we dismiss this claim.

### D.  Age Discrimination in Employment Act ("ADEA")

The plaintiffs claim that the United States violated the
ADEA by discriminating against Rodríguez-Flores based on
his age. Docket No. 9, pg. 7. To establish a claim under the
ADEA, the plaintiffs must allege facts showing that (i) "[he]

was at least 40; (ii) h[is] work was sufficient to meet the employer's legitimate expectations; (iii) h[is] employer took adverse action against h[im]; and (iv) . . . the employer did not treat age neutrally in taking the adverse action." *López-López v. Robinson Sch.*, 958 F.3d 96, 109 (1st Cir. 2020) (quoting *Del Valle-Santana v. Servicios Legales de P.R., Inc.*, 804 F.3d 127, 129-30 (1st Cir. 2015)).

The plaintiffs allege that Rodríguez-Flores was over forty during the relevant time, a registered nurse given "excellent" evaluations, and—unlike the younger nurses—was given long shifts on holidays and weekends. Docket No. 9, pgs. 4, 7. These types of disadvantageous assignments may constitute adverse employment action. *See Gu*, 312 F.13 at 14. Although their allegations are sparse, the plaintiffs have plausibly pleaded an age-based discrimination claim.

The plaintiffs claim next that the United States violated the ADEA by retaliating against Rodríguez-Flores by "terminat[ing] him from the service" for engaging in "protected activity." Docket No. 9, pgs. 11–12. But they allege

no facts showing any causal connection between his protected activity and the adverse employment action. We, therefore, dismiss this claim. *See Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 32 (1st Cir. 2007) ("At a bare minimum, [an ADEA retaliation claim] requires an employee to make a colorable showing of a causal connection between his protected activity . . . and the adverse employment action . . . .").

### E. *Uniform Services Employment & Reemployment Rights Act ("USERRA")*

The plaintiffs claim that the United States violated USERRA by discriminating against Rodríguez-Flores based on his status as a military member. Docket No. 9, pgs. 8–9. We, however, do not have jurisdiction to hear this claim.

Federal district courts do not have jurisdiction to hear USERRA claims against a federal agency. *Dew v. United States*, 192 F.3d 366, 372 (2d Cir. 1999). These claims must be raised before the MSPB. 38 U.S.C. § 4324(b). And its final decision may be appealed to the U.S. Court of Appeals for the Federal Circuit. *Id.* § 4324(d)(1). Because the Bureau of Prisons is a federal agency, this claim must be brought before the Federal

Circuit. For these reasons we dismiss the claim.

### F.  42 U.S.C. § 1983

The plaintiffs claim, under 42 U.S.C. § 1983, that the United States has violated their right to due process of law. Docket No. 9, pgs. 12–13. But, as the United States points out, they provide no factual allegations supporting this claim. Docket No. 30, pg. 2. To establish a procedural due-process claim, the plaintiffs must allege that they were deprived of a protected interest "by defendants acting under color of state law and without . . . a constitutionally adequate process." *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 29 (1st Cir. 2008). Because they have not alleged any facts showing that they were denied constitutionally adequate process, we dismiss their due-process claim.

### G.  Puerto Rico Law

The plaintiffs claim that the United States has violated Puerto Rico Civil Code Articles 1802, P.R. LAWS ANN. tit. 31, § 5141 (general tort statute), and 1803, P.R. LAWS ANN. tit. 31, § 5142 (respondeat superior), and Puerto Rico Law No. 80 of

May 30, 1976. Docket No. 9, pg. 2. The plaintiffs agree that their claim under Law No. 80 should be dismissed. Docket No. 36, pg. 10. So, we dismiss it under Federal Rule of Civil Procedure 41(a)(2). We dismiss their other Puerto Rico law claims as well against the defendants in their official capacities because the plaintiffs have conceded that they are immune from them. Docket No. 36, pg. 10.

The plaintiffs also bring claims under Articles 1802 and 1803 against the defendants in their individual capacities. Docket No. 36, pg. 10. But the problem for Rodríguez-Flores is that Puerto Rico has a specific employment discrimination statute. *See* P.R. LAWS ANN. tit. 29, § 146. The Puerto Rico Supreme Court has made clear that Article 1802 provides no remedy where there is a more specific statute that does. *Pagán-Colón v. Walgreens of San Patricio, Inc.*, 190 D.P.R. 251, 260 (P.R. 2014). Moreover, he has not alleged any facts that would support a plausible inference of a causal nexus between any individually named defendant's wrongdoing and an injury he has experienced. *Figueroa v. J.C. Penney P.R.,*

*Inc.*, 568 F.3d 313, 319 (1st Cir. 2009) (stating that a claim under Article 1802 requires proof of, among other things, "a sufficiently tight causal nexus between the injury and the wrong" (citing *Santini-Rivera v. Serv. Air, Inc.*, 137 P.R. Dec. 1, 6, 11, 1994 Juris P.R. 121 (1994))). Claims against defendants in their individual capacities require allegations of what those individuals did wrong. But he makes allegations against a specific defendant only once. Docket No. 9, pg. 5. And, as we explained, the BOP physician's comment coupled with legal conclusions does not amount to a plausible claim. *See supra* Part I.A. Therefore, we dismiss these claims as to Rodríguez-Flores.

Article 1802 provides a derivative cause of action for close relatives of a victim of employment discrimination. *Id.* at 318 (citing *Santini-Rivera*, 137 P.R. Dec. at 14). But the plaintiffs tell us only that Aybar-Rosado has suffered "severe emotional distress, affliction, anguish, economic[] damages, [and] deprivation because of her husband['s] damages and suffering." Docket No. 9, pgs. 12–13. They do not give us any

information that allows us to plausibly infer that the defendants' conduct caused her harm. Without any factual underpinnings or further explanation, we cannot conclude that the plaintiffs have plausibly pleaded this claim. *González-Figueora*, 568 F.3d at 319 (stating that a derivative claim premised on discrimination requires proof of "a sufficiently tight causal nexus between the injury and the wrong" (citing *Santini-Rivera*, 137 P.R. Dec. at 6, 11)). We, thus, dismiss these claims as to Aybar-Rosado and the conjugal partnership between Rodríguez-Flores and Aybar-Rosado.

### H.  Remaining Plaintiffs & Defendants

The United States asks us to dismiss all defendants except the Bureau of Prisons and all plaintiffs except Rodríguez-Flores. Docket No. 30, pgs. 20–22. There is one claim remaining: that the United States violated the ADEA by discriminating against Rodríguez-Flores based on his age. And we agree with the weight of circuit authority that the only proper defendant under the ADEA is the agency. *See, e.g.*, *Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986);

*Roman v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986). We, therefore, dismiss all defendants except the Bureau of Prisons.

We do not believe that the ADEA extends its cause of action to the spouses or conjugal partnerships of victims of discrimination. That is because the ADEA is often interpreted in the same way as Title VII, which only provides redress for employees. *See Kern v. City of Rochester*, 93 F.3d 38, 45 (2d Cir. 1996) ("Title VII is an employment law, available only to employees (or prospective employees) seeking redress for the unlawful employment practices of their employers."); *Vera v. McHugh*, 622 F.3d 17, 30 n.16 (1st Cir. 2010) ("[J]udicial precedents interpreting [the ADEA or Title VII] [are] instructive in decisions involving [the other]."); *see also EEOC v. Zippo Mfg. Co.*, 713 F.2d 32, 35 (3d Cir. 1983) (evaluating the legislative history of the ADEA and determining that it only provides redress to employees). And the only damages available under the ADEA are "pecuniary benefits connected to the job relation"—no pain and suffering nor punitive damages. *Kolb v. Goldring, Inc.*, 694 F.2d 869, 872 (1st Cir.

1982). So even if the cause of action extended to Aybar-Rosado and the conjugal partnership between Rodríguez-Flores and her, they would not have standing to sue because the ADEA does not provide redress for the types of harm that they claim. *See* Docket No. 9, pgs. 12–13 (listing "severe emotional distress, affliction, anguish, economic[] damages, [and] deprivation because of her husband['s] damages and suffering"); *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining that Article III standing requires that the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992))). Moreover, there are no allegations permitting us to plausibly infer that they are entitled to relief. These harms are mentioned in a perfunctory manner with no factual underpinnings. *See* Docket No. 9, pgs. 12–13. No matter how we approach this issue, the outcome is the same: We dismiss the claims by Aybar-Rosado and the conjugal partnership between

Rodríguez-Flores and Aybar-Rosado.

## II.  CONCLUSION

In sum, we **GRANT IN PART** and **DENY IN PART** the United States' motion to dismiss the plaintiffs' third-amended complaint (Docket No. 30). To be clear, there is one remaining plaintiff, one remaining defendant, and one remaining claim: Rodríguez-Flores, the Bureau of Prisons, and age discrimination under the ADEA, respectively. All other claims have been dismissed without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of November, 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE