IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

ORLANDO RODRÍGUEZ-FLORES,
ALICIA AYBAR-ROSADO,

Plaintiffs,

v.

UNITED STATES ET AL.,

Defendants.

CIV. NO. 19-1642 (SCC)

**OPINION AND ORDER**

In December 2021, the plaintiffs filed a notice of interlocutory appeal, alerting the Court that they intend to appeal our opinion and order disposing of several of their claims. Docket No. 48. Four months later, they now move the Court to enter judgment on those claims. Docket No. 52. We decline to do so because they have wholly failed to explain why the circumstances of this case justify deviating from the final-judgment rule.

Generally, a party must wait to appeal until the district court enters final judgment, which disposes of all claims

asserted in the action. *Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir. 2003). But there are exceptions to the final-judgment rule. Federal Rule of Civil Procedure 54(b), for example, allows the district court to enter partial final judgment "as to one or more, but fewer than all, claims or parties" if the court "determines that there is no just reason for delay." Notwithstanding Rule 54(b), "there is a long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988). So Rule 54(b) is reserved for the "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early or separate judgment as to some claims or parties." *Id.* (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.)). Moreover, the law is firmly established in the First Circuit that "a rote recital of Rule 54(b)'s talismanic phrase is not enough, in and of itself, to trump the wonted application of the final judgment rule." *Quinn*, 325 F.3d at 26.

Instead, a district court wishing to enter partial final judgment must "make th[e] explicit determination [that there is no just reason for delay]" and "make specific findings and set forth its reasoning." *Id.*

There is a two-step process to determine whether Rule 54(b) certification is appropriate. *State St. Bank & Tr. Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1489 (1st Cir. 1996). First, we must determine whether the action that underlies the partial final judgment has the "requisite aspects of finality." *Id.* That is, the opinion and order that the plaintiffs would like to appeal must, "at a bare minimum, dispose[] fully of at least a single substantive claim." *Spiegel*, 843 F.2d at 43 (quoting *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978)). Second, we must assess the litigation as a whole, "weighing all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review." *Id.*; *see also Brockrim*, 87 F.3d at 1489 (explaining that the district court should assess "any interrelationship or overlap among the various legal and factual issues involved" and "any equities and efficiencies

implicated by the requested piecemeal review"). This assessment is "tilted from the start against fragmentation of appeals." *Spiegel*, 843 F.2d at 43.

The Court declines to enter judgment on the claims that the plaintiffs have appealed because they have wholly failed to explain why the specific circumstances of this case justify deviating from the final judgment rule. They tell us only that partial judgment is "[i]n the interest of judicial efficiency and economy." Docket No. 52, pg. 1. That skeletal explanation does not justify departing from the long-settled policy against fragmenting appeals. Therefore, the Court **DENIES** the plaintiffs' motion for partial judgment (Docket No. 52).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of April 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE