IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORLANDO RODRÍGUEZ-FLORES,<br>    Plaintiff,<br><br>       v.<br><br>BUREAU OF PRISONS,<br>    Defendant. | CIV. NO. 19-1642 (SCC) |

**OPINION AND ORDER**

Orlando Rodríguez-Flores, Alicia Aybar-Rosado, and the conjugal partnership between them sued the United States and several of its agencies and officers, alleging that they discriminated against Mr. Rodríguez-Flores based on his race, national origin, sex, age, medical condition, and status as a member of the military. There is one remaining plaintiff, defendant, and claim: Mr. Rodríguez-Flores, the Bureau of Prisons (BOP), and age discrimination under the Age Discrimination in Employment Act (ADEA), respectively. The government moves for summary judgment on two grounds: (1) Mr. Rodríguez-Flores failed to exhaust his administrative remedies, and (2) he has no evidence that the BOP discriminated against him based on age when it assigned him to work long shifts, holidays, and weekends.

## I. Summary Judgment Standard

The purpose of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Tobin v. Fed. Express Corp.*, 775 F.3d 448, 450 (1st Cir. 2014) (quoting *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992)). The movant must first "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the lawsuit. *Zampierollo-Rheinfeldt v. Ingersoll-Rand de P.R., Inc.*, 999 F.3d 37, 50 (1st Cir. 2021). And there is a genuine dispute over it when "the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party." *Id.* (quoting *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)). After the movant has met its initial burden, the burden shifts to the nonmovant to "produc[e] specific facts sufficient to deflect the swing of the summary judgment scythe." *Joseph v. Lincare, Inc.*, 989 F.3d 147, 157 (1st Cir. 2021). The nonmovant, in other words, must

show that a "trialworthy issue exists." *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003). But where the nonmovant bears the burden of proof on an issue, the "movant need do no more than aver 'an absence of evidence to support the nonmoving party's case.'" *Mottolo v. Fireman's Fund Ins. Co.*, 43 F.3d 723, 725 (1st Cir. 1995) (quoting *Celotex Corp.*, 477 U.S. at 325). We view the facts in the light most favorable to the nonmovant and draw all reasonable inferences in his favor. *Alston v. Town of Brookline*, 997 F.3d 23, 35 (1st Cir. 2021). In the end, summary judgment is appropriate only when the record demonstrates that "there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." *Id.* (citing FED. R. CIV. P. 56(a)).

## II. Undisputed Facts

Mr. Rodríguez-Flores is a registered nurse. GUF 1; RGUF 1.[1] He worked as a nurse at Metropolitan Detention

---

1. "GUF" refers to the government's statement of undisputed material facts, Docket No. 63; "RGUF" refers to Mr. Rodríguez-Flores's response to those facts, Docket No. 70, pgs. 1–3; and "PAUF" refers to his additional undisputed facts, Docket No. 70, pg. 3.

Center Guaynabo from 2007 to 2017. GUF 1, 6; RGUF 1, 6. During that time, he was a member of the U.S. Army. GUF 2; RGUF 2. In 2015, he took extended sick leave. He returned to a light duty assignment in 2016 and then retired on medical disability in 2017. GUF 6; RGUF 6.

On July 17, 2015, he filed an appeal with the Merit Systems Protection Board (MSPB). GUF 8; RGUF 8. This appeal was limited to alleged discrimination and retaliation under the Uniformed Services Employment and Reemployment Rights Act of 1994. GUF 9; RGUF 9. He did not allege age discrimination. GUF 10; RGUF 10. The MSPB held a hearing and issued an initial decision on May 1, 2019. GUF 11–12; RGUF 11–12. It found that, to the extent he was treated differently by being forced to work more hours, he was treated differently because, unlike the civilian nurses, he was not part of the union. GUF 14; RGUF 14. He "is not included in the bargaining unit, nor covered under a collective bargaining agreement." GUF 17; RGUF 17.

In 2013, he was forty-nine years old. GUF 21; RGUF 21. During the time when the BOP allegedly discriminated

against him, there were six nurses at MDC Guaynabo. All of them, except Mr. Rodríguez-Flores, were under forty. PAUF 24; *see also* Docket No. 70-1.

The government asks us to ignore these facts (that there were five other nurses who were all under the age of forty) because Mr. Rodríguez-Flores's self-serving affidavit, the only record support for them, should be stricken from the record. Docket No. 72, pgs. 2–4. To be sure, affidavits are insufficient to defeat summary judgment when they "merely reiterate allegations made in the complaint, without providing specific factual information made on the basis of personal knowledge." *Garmon v. AMTRAK*, 844 F.3d 307, 315 (1st Cir. 2016) (quoting *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 53 (1st Cir. 2000)). But a "party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment." *Velázquez-Garcia v. Horizon Lines of P.R., Inc.*, 473 F.3d 11, 18 (1st Cir. 2007) (quoting *Santiago-Ramos*, 217 F.3d at 53). Because his affidavit sets forth these specific facts, which

he says that he has personal knowledge of, we take them as true for summary judgment. *See Velàzquez-Garcia*, 473 F.3d at 18. And we go a step further. Because the government did not support its denial of these facts with a record citation, we deem these facts admitted. D.P.R. Loc. R. 56(e); *see generally Rodríguez-Severino v. UTC Aero. Sys.*, 52 F.4th 448, 457–58 (1st Cir. 2022) (discussing Local Rule 56 and warning that litigants "ignore it 'at their own peril'" (quoting *Mariani-Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007))).

Returning to the facts, although all the other nurses were under forty, his direct supervisor was older than him. GUF 22; *see also* Docket No. 65-1. Mr. Rodríguez-Flores denies this fact on the ground that it is not supported by evidence. RGUF 22. But that is not true. More than two months before he filed his response to the government's statement of undisputed facts, it filed an additional exhibit to support that fact. Docket No. 65-1. Because the government has properly supported this fact, and Mr. Rodríguez-Flores has not properly controverted it, we deem it admitted. D.P.R. Loc. R. 56(e); *see generally Rodríguez-Severino*, 52 F.4th at 457–58.

## III. ADEA

### A. Exhaustion

The government says that it is entitled to summary judgment because Mr. Rodríguez-Flores failed to exhaust his administrative remedies before filing suit. Docket No. 64, pgs. 5–6. Failure to exhaust administrative remedies is an affirmative defense. *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001) ("Prior to bringing suit under either Title VII or the ADEA, a federal government employee must timely 'exhaust the administrative remedies at his disposal.' Failure to do so can be asserted by the government as an affirmative defense." (quoting *Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir. 1999))); *accord Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, 534 (8th Cir. 2018); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 & n.10 (10th Cir. 2018); *cf. Pérez-Abreu v. Metropol Hato Rey LLC*, 5 F.4th 89, 91 (1st Cir. 2021) (stating the requirement to file an age discrimination complaint with the EEOC before bringing suit is not jurisdictional). When a defendant moves for summary judgment based on an affirmative defense, like the government does here, "the defendant bears the burden

of proof and 'cannot attain summary judgment unless the evidence that he provides on that issue is conclusive.'" *Ouellette v. Beaupre*, 977 F.3d 127, 135 (1st Cir. 2020) (quoting *Vargas v. Cummings*, 149 F.3d 29, 35 (1st Cir. 1998)). If the government produces conclusive evidence, "the burden shifts to the plaintiff" to establish that he exhausted his administrative remedies. *See id.* (quoting *Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jiménez*, 659 F.3d 42, 50 n.10 (1st Cir. 2011)).

We begin with a quick sketch of the ADEA's administrative exhaustion framework. Before filing suit under the ADEA, a litigant must do two things. First, he needs to contact an EEOC counselor within 45 days of the alleged discrimination to try to informally resolve the situation. *Velásquez-Rivera v. Danzig*, 234 F.3d 790, 794 (1st Cir. 2000) (citing 29 C.F.R. § 1614.105(a)(1)). Second, he must "file an age discrimination complaint with the EEOC." *Pérez-Abreu*, 5 F.4th at 91 (citing 29 U.S.C. § 626(d)(1)). "If the EEOC dismisses or otherwise terminates the administrative proceedings, it must notify [him], [and he] then has '90 days

after the date of the receipt of such notice' to file suit." *Id.* (quoting 29 U.S.C. § 626(e)).

A federal employee has the option of bypassing this administrative process altogether. Instead of filing a formal complaint with the EEOC, he can go straight to federal court. *Rossiter v. Potter*, 357 F.3d 26, 29 (1st Cir. 2004). If he chooses this option, he "must notify the EEOC of his intent to sue within 180 days following the occurrence of the allegedly unlawful [discrimination] and then observe a thirty-day waiting period before filing suit." *Jorge v. Rumsfeld*, 404 F.3d 556, 561 (1st Cir. 2005).

Now to how the MSPB fits in. If a particularly serious action is taken against a federal employee, he "has a right to appeal the agency's decision to the MSPB," which is "an independent adjudicator of federal employment disputes." *Kloekner v. Solis*, 568 U.S. 41, 44 (2012). "[T]he appeal may also or instead charge the agency with discrimination prohibited by another federal statute," such as the ADEA. *Id.* "When an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on

discrimination," he has brought a "mixed case." *Id.* An employee bringing a mixed case may proceed in a few different ways. He may file a mixed-case complaint with the EEOC or a mixed-case appeal with the MSPB. 29 C.F.R. § 1614.302(b). But not both. *Id.* "[W]hichever is filed first shall be considered an election to proceed in that forum." *Id.* If he elects to file a mixed-case complaint and the EEOC does not render a final decision within 120 days, he may go to federal court. *Id.* § 1614.302(d)(1)(i).

Thus, a federal employee who claims that he has been discriminated against under the ADEA and subjected to a particularly serious act needs to do one of the following before going to court: (1) file a mixed-case appeal with the MSPB, (2) file a mixed-case complaint with the EEOC, or (3) give the EEOC notice that he intends to file a lawsuit and skip the administrative framework altogether. There are many complexities to each of these options that are not relevant here. For our purposes, it is sufficient to note that Mr. Rodríguez-Flores filed an appeal with the MSPB on July 17, 2015, and claims that he filed a complaint with the EEOC on

November 17, 2017, that, he says, covered different issues. Docket No. 71, pg. 5. We need go no further because the government has not carried its burden to produce evidence showing that he did not exhaust his administrative remedies.

The government contends that Mr. Rodríguez-Flores did not contact an EEOC counselor within 45 days of the alleged discrimination and never filed a formal EEOC complaint. Docket No. 64, pg. 6. In its statement of undisputed facts, it says that its evidence for these contentions is "[t]he absence of any evidence on the record or elsewhere." Docket No. 63, pg. 4. But averring that there is a lack of evidence on an issue only flips the burden to the nonmovant if he bears the burden of proof on that issue. *See Celotex Corp.*, 477 U.S. at 325. The government also faults Mr. Rodríguez-Flores for not attaching a copy of the EEOC complaint. Docket No. 72, pgs. 1–2. The government, however, is the one that bears the burden of submitting evidence that he failed to exhaust his administrative remedies. Because the government has not fulfilled its initial burden to produce evidence showing that Mr. Rodríguez-

Flores failed to exhaust his administrative remedies, it is not entitled to summary judgment on the ground that he failed to exhaust them.

## B. Merits

Now to the merits of Mr. Rodríguez-Flores's ADEA claim. He says that the BOP discriminated against him based on his age because it assigned him—a man over forty—to work long shifts, holidays, and weekends but not the other nurses, who were all under forty. Because he has no direct evidence of discrimination, we apply the *McDonnell Douglas* burden-shifting framework. *López-López v. Robinson Sch.*, 958 F.3d 96, 104 n.2 (1st Cir. 2020). First, an ADEA plaintiff must establish a prima facie case of age discrimination by showing that (i) "[ ]he was at least 40; (ii) h[is] work was sufficient to meet the employer's legitimate expectations; (iii) h[is] employer took adverse action against h[im]; and (iv) . . . the employer did not treat age neutrally in taking the adverse action." *Id.* (quoting *Del Valle-Santana v. Servicios Legales de P.R., Inc.*, 804 F.3d 127, 129–30 (1st Cir. 2015)). Second, if he establishes his prima facie case, "the burden of production . .

. shifts to [the employer], who must articulate a legitimate, non-discriminatory reason" for its action. *Zampierollo-Rheinfeldt*, 999 F.3d at 51 (quoting *Theidon v. Harvard Univ.*, 948 F.3d 477, 495 (1st Cir. 2020)). Third, and finally, "[i]f the employer articulates such a reason, the burden shifts back to the plaintiff, who must then show, by a preponderance of the evidence, that the employer's proffered reason for the adverse employment action was pretextual, and 'that age was the "but-for" cause of the employer's adverse action.'" *Id.* (quoting *Vélez v. Thermo King de P.R.*, 585 F.3d 441, 447–48 (1st Cir. 2009)).

We begin and end with Mr. Rodríguez-Flores's prima facie case of age discrimination. The government avers that he has no evidence to establish his prima facie case. As to the first element, he has shown that he was over forty years old at the relevant time. But as to the second element, he nakedly alleges that "he was qualified." Docket No. 71, pg. 6. He cites nothing in support nor develops any argument. Thus, his ADEA claim stops here. *López-López*, 958 F.3d at 109 ("Conclusory allegations and unsupported speculation

cannot defeat summary judgment."). The only record support that we see for this element is that he worked at the BOP for over ten years. But we are aware of no authority that says that ten years of employment, standing alone, is sufficient to show that an employee was meeting his employer's legitimate expectations. *See, e.g.*, *Meléndez v. Autogermana, Inc.*, 622 F.3d 46, 51 (1st Cir. 2010) (deciding that the plaintiff's evidence that he had worked for the employer for ten years and received performance awards was "minimally sufficient to show that there was a triable issue as to his ability to meet [his employer's] legitimate expectations"); *Vélez*, 585 F.3d at 448 (holding that the plaintiff met the legitimate expectations prong by pointing to his twenty-four years of employment and promotion); *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1092 (1st Cir. 1995) (stating that the plaintiff "cleared th[e] [legitimate expectations] hurdle with his proffer of substantial wage increases and ten years of positive performance reviews"). We could stop our analysis here, but we will also explain why he has failed to satisfy the third and fourth elements of his prima facie case.

Mr. Rodríguez-Flores has failed to show that he experienced adverse employment action. He says, in his affidavit, with no additional detail, that he was "put to work over 8 hour shifts, double shifts, holidays, weekends, etc." and that he was not granted "[c]ompensatory and resting time." Docket No. 70-1, pgs. 1–2. Employment actions are adverse if they "materially change the conditions" of employment. *Gu v. Bos. Police Dep't*, 312 F.3d 6, 14 (1st Cir. 2002). "The change 'must be more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Burns v. Johnson*, 829 F.3d 1, 10 (1st Cir. 2016). Disadvantageous assignments may constitute adverse employment action. *Gu*, 312 F.3d at 14. We gauge whether a change "is materially adverse 'by an objective standard.'" *Cherkaoui v. City of Quincy*, 877 F.3d 14, 25 (1st Cir. 2017) (quoting *Burns*, 829 F.3d at 10)).

Mr. Rodríguez-Flores has not given us enough information to know if these disadvantageous assignments rise to the level of adverse employment action. Without having any idea of their frequency, we cannot say that these

work assignments materially changed the conditions of his employment. For example, it is merely inconvenient to be assigned to work an occasional weekend and holiday, even if no one else is assigned those shifts. On the other hand, it materially changes the conditions of one's employment to, say, be the only one assigned to work most weekends and major holidays. Because he has failed to provide us with supporting details, he has not shown that the disadvantageous assignments that he complains of constitute adverse employment action. *Cf. Gu*, 312 F.3d at 15 ("[P]laintiffs make bald assertions that they were excluded from important meetings and experienced diminished communication regarding office matters, but they were unable to name a particular meeting or important decision from which they were excluded. Such unsupported assertions are insufficient evidence of a material change in working conditions."); *López-López*, 958 F.3d at 109 ("Ms. López also complains that the school required her to post grades manually and turn in her lesson plans during her class, a requirement not applicable to younger employees. But she

did not show that those requests were 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" (quoting *Cherkaoui*, 877 F.3d at 25)).

Turning to the fourth element, to prove that the BOP failed to treat age neutrally when it assigned him to work long shifts, holidays, and weekends, he needs to show that the BOP had a "facially discriminatory policy or . . . a policy which, though age-neutral on its face, ha[d] the effect of discriminating against older persons." *Brennan v. GTE Gov't Sys. Corp.*, 150 F.3d 21, 26 (1st Cir. 1998). He says that the BOP failed to treat age neutrally because he was assigned to work long shifts, holidays, and weekends, but the other nurses, who were all under forty, were not. Because he tells us nothing about the other nurses, besides their ages, none of them are satisfactory comparators. *See González-Bermúdez v. Abbott Labs P.R.*, 990 F.3d 37, 44 (1st Cir. 2021) ("[I]n order to be probative of discriminatory animus, a claim of disparate treatment 'must rest on proof that the proposed analogue is similarly situated in material respects.'" (quoting *Vélez*, 585 F.3d at 451)). Comparators "must be similar in 'material

respects,' *i.e.*, 'apples should be compared to apples.'" *Goncalves v. Plymouth Cnty. Sheriff's Dep't*, 659 F.3d 101, 106 (1st Cir. 2011) (citation omitted) (first quoting *Perkins v. Brigham & Women's Hosp.*, 78 F.3d 747, 751 (1st Cir. 1996); and then quoting *Dartmouth Rev. v. Dartmouth Coll.*, 889 F.2d 13, 19 (1st Cir. 1989)). Without knowing anything about the other nurses (*e.g.*, their qualifications, years of experience, seniority, etc.), we cannot ascertain whether he was similarly situated to them and thus whether the BOP failed to treat age neutrally when it assigned him to work long shifts, holidays, and weekends. *See López-Rosario v. Programa Seasonal Head Start/Early Head Start de la Diócesis de Mayaguez*, 897 F. App'x 9, 12 (1st Cir. 2021) (unpublished) ("López's failure to present a similarly situated employee who was treated differently prevents him from establishing a prima facie case of discrimination.").

Because Mr. Rodríguez-Flores has presented no evidence that he met the BOP's legitimate expectations, experienced adverse employment action, and the BOP failed to treat age neutrally in assigning him to work long shifts,

holidays, and weekends, his ADEA claim fails. "While not an onerous standard, a prima facie showing requires more than mere bald assertions, unsupported by anything beyond personal say-so." *Garmon*, 844 F.3d at 316. That is all Mr. Rodríguez-Flores has put forward to support his claim, so we grant the government's motion for summary judgment. *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 824 (1st Cir. 1991) ("If the plaintiff has failed to limn a prima facie case, the inference of discrimination never arises, and the employer's motion for summary judgment will be granted.").

## IV. Conclusion

In sum, the Court **GRANTS** the government's motion for summary judgment because Mr. Rodríguez-Flores has failed to establish his prima facie case of age discrimination (Docket Nos. 62, 64). Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of December 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE